1
2
3
4
5
6
7

JS-6

8
9

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INFO UP, LLC, a California limited liability company, and INFO UP PUBLISHING, INC., a Nevada corporation,

Plaintiffs,

v.

SUCCESS FOR LIFE, INC., a California corporation,

Defendant.

Case No. 2:20-cv-8642-MWF (PVCx)

**JUDGMENT & PERMANENT INJUNCTION**

The above-entitled matter came before the Honorable Michael W. Fitzgerald, United States District Judge, presiding in Courtroom 5A of the above-entitled Court, pursuant to Info Up, LLC and Info Up Publishing, Inc.'s (collectively, "Plaintiffs" or "Info Up") Motion for Default Judgment (the "Motion").  (Docket No. 54).

Defendant Success For Life, Inc. ("SFL") was served with process by U.S. mail but failed to retain counsel or otherwise defend this action.  Default was entered against Defendant on January 13, 2021.  (Docket No. 53).  Plaintiffs have now requested entry of default judgment against SFL.  Having considered Plaintiffs' Motion and supporting papers, and good cause appearing under Rules 54, 55(b), 58,

1

and 65(d) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment be entered in favor of Plaintiffs and against Defendant as to damages and a permanent injunction, as follows:

1. Defendant has engaged in unfair competition and cyberpiracy under the Lanham Act (15 U.S.C. § 1125(a) & (d)) and California's Unfair Competition Law (Bus. & Prof. Code §§ 17200) for the reasons set forth in the Court's November 20, 2020 Order granting Plaintiffs' motion for a preliminary injunction, which preliminary findings the Court now adopts as final and incorporates herein.

2. Plaintiffs own the valid and protectable trademark CREDIT SECRETS for a series of books and a membership program offering relating products to over 830,000 members.  Plaintiffs own a valid and protectable trade dress in the CREDIT SECRETS book's jack cover.  Both the suggestive CREDIT SECRETS mark and distinctive trade dress have acquired secondary meaning for Plaintiffs' books and membership program.

3. Defendant registered the domains www.creditsecretsfree.com and/or www.getcreditsecrets.com to profit from Plaintiffs' mark and to deceive customers with a virtually identical looking book.

4. Absent a permanent injunction, Plaintiffs are likely to suffer irreparable harm as a result of Defendant's unfair competition and cyberpiracy, including because of (a) Defendant's use of Plaintiffs' trademark and trade dress to misdirect consumers and palm off inferior product, (b) a 35% reduction in Internet traffic being diverted from Plaintiffs' website after Defendant registered similar domain names, which diversion evidences the loss of control of Plaintiffs' goodwill and reputation, (c) the false association to Plaintiffs' leading product and membership program by Defendant's un-vetted and confusingly similar looking book and related goods or services, (d) the potentially harmful association to Defendant's

various products and services advertised on Defendant's confusingly similar websites, and (e) the brand confusion intended by Defendant to trade off Plaintiffs' goodwill and reputation with competing products.

5. The balance of hardships weighs in favor of Plaintiffs. Any inconvenience to Defendant in having to use a prior mark and website to sell the same goods or services would merely risk only ill-gotten gains.

6. The public interest favors the issuance of an injunction to prevent consumer deception in the nature of brand confusion, false and misleading product claims, and unfair business practices arising from an infringing website.

7. Pursuant to 15 U.S.C. § 1117(d) and the Court's discretion based on the findings in the Order and in lieu of actual damages, Defendant is liable to Plaintiffs for $2,000 in statutory damages for registering up to two domain names.

8. Pursuant to 15 U.S.C. § 1117(a), Defendant is liable for Plaintiffs' reasonable attorneys' fees.

9. Pursuant to 15 U.S.C. § 1117(a), 28 U.S.C. § 1920 and Federal Rules of Civil Procedure 54 and the Court's discretion to award both taxable costs and other, non-taxable costs and expenses, Defendant is liable to Plaintiffs for costs of suit in the total amount of $1,768.24.

10. With respect to all awarded amounts, Plaintiffs are entitled to statutory interest as permitted by law.

11. Defendant, along with its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, or any of them, who receive actual notice of this permanent injunction through personal service or otherwise, including persons involved with Defendant's Internet business (*e.g.*, PayPal, American Express, Amazon.com, eBay, UPS, Federal Express, Youtube.com, GoDaddy.com, etc.) and production and distribution of goods or services (*e.g.*, sales representatives and suppliers of regulated materials or

3

packaging) (collectively, the "Enjoined Parties"), are hereby restrained and enjoined until further Order of the Court as follows:

    a. From using CREDIT SECRETS, CREDIT SECRET, CREDIT SECRETS REVEALED, GET CREDIT SECRETS or CREDIT SECRETS FREE, or any versions thereof, to promote, offer or sell a product or service or as part of a domain name to promote, offer or sell a product or service that competes with or is related to Plaintiffs' CREDIT SECRETS book or membership program;

    b. From using the CREDIT SECRETS book's trade dress, or a substantially similar trade dress, to promote, offer or sell a product or service that competes with or is related to Plaintiffs' CREDIT SECRETS book;

    c. From selling, offering or disposing of any CREDIT SECRETS REVEALED products or services;

    d. From using the website domains www.creditsecretsfree.com or www.getcreditsecrets.com for any reason or purpose.

12. The Enjoined Parties shall transfer to Info Up the domains www.creditsecretsfree.com or www.getcreditsecrets.com.  If for any reason the Enjoined Parties are unable to transfer the domains to Plaintiffs, they shall be cancelled and/or deemed forfeited by the Enjoined Parties.

13. In sum, the Court enters a default judgment against Defendant in the **amount of $3,768.24** plus post-judgment interest along with the aforementioned permanent injunctive relief and forfeiture, cancellation or transfer of domain names.

Dated: March 5, 2021

_____
MICHAEL W. FITZGERALD
United States District Judge

4